**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2134-16T4

KELLY A. FELTYNOWSKI,

    Plaintiff-Appellant,

v.

ANDREW G. KAUFMAN,

    Defendant-Respondent,

and

JOSHUA WEINER,

    Defendant.

_____

Argued May 21, 2018 — Decided June 27, 2018

Before Judges Ostrer, Rose and Firko.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0508-15.

Lewis Stein argued the cause for appellant (Nusbaum, Stein, Goldstein, Bronstein & Kron, PA, attorneys; Lewis Stein, on the brief).

Michael J. Lunga argued the cause for respondent.

PER CURIAM

Plaintiff Kelly A. Feltynowski appeals from a December 16, 2016 Law Division order granting defendant Andrew G. Kaufman, M.D.'s motion for summary judgment and dismissing her complaint with prejudice for her failure to serve a Notice of Claim pursuant to the New Jersey Tort Claims Act (TCA) as required under N.J.S.A. 59:8-8, and denial of her application to file a late notice based upon extraordinary circumstances. For the reasons that follow, we affirm.

I.

We derive the salient facts and procedural history from the motion record. On February 26, 2015, plaintiff filed a medical malpractice action against defendant, a pain management specialist, alleging that she sustained a pneumothorax as a result of a trigger point injection he administered to her on March 6, 2013.[1] The procedure took place at defendant's Overlook Hospital office. The initial office consultation took place at the Overlook Medical Arts Building adjacent to Overlook. On March 30, 2015, defendant filed an answer setting forth that he was "an employee of Rutgers the State University," and asserting an affirmative defense pursuant to the TCA.

---

[1] A voluntary stipulation of dismissal without prejudice as to defendant Joshua Weiner, M.D. only was filed on August 6, 2015.

A-2134-16T4

During discovery, defendant provided evidence of his public employment. On April 14, 2015, defendant provided insurance information confirming that he was covered by UMDNJ's Professional and General Liability Self-Insurance Fund governed by N.J.S.A. 59:1-1. In his answers to interrogatories, defendant certified that he was a public employee. The sign on the door at his Overlook office read: "UMD New Jersey Medical School - University Orthopedic Specialists." Patient intake forms, completed by plaintiff, were on letterhead stating, "University Hospital Comprehensive Pain Center University of Medicine and Dentistry of New Jersey." The bottom of the form indicated that the website for defendant's practice was "www.umdnj.edu." During his evaluation and treatment of plaintiff, defendant wore a white lab coat issued by UMDNJ, with a badge setting forth his name and the inscription, "UMDNJ Department of Anesthesiology." His business card was provided to plaintiff and set forth contact information which read: "University Hospital Comprehensive Pain Center, Associate Professor of Anesthesiology, New Jersey Medical School."

Defendant's clinical work was performed as a full-time faculty member of UMDNJ, now known as Rutgers University.[2] Billing

_____

[2] On July 1, 2013, under the New Jersey Medical and Health Sciences Education Restructuring Act, L. 2012 c. 45, the departments and units that comprised UMDNJ were transferred to either Rutgers University, University Hospital, or Rowan University.

A-2134-16T4

was done through University Physician Associates, which handled faculty billing for UMDNJ. Defendant had hospital privileges at Overlook and was the co-medical director of its pain center, but he was not an Overlook employee. A May 13, 2015 letter sent to plaintiff's counsel stated that at all relevant times, defendant was "an agent of the State of New Jersey and therefore, N.J.S.A. 59:1-1 [to -7] defines the parameters and applicable immunities governing any recovery for tortious conduct, or injury, which may be had against public entities and public employees." Defendant's answers to supplemental interrogatories included a copy of his business card which he gave to plaintiff, copies of the sign on his office door, his contract with UMDNJ, his W-2 forms from UMDNJ, and first page of his federal tax returns. He admittedly never told plaintiff he was a UMDNJ employee.

After the close of discovery, defendant moved to dismiss the complaint for failure to file a Notice of Tort claim. The judge denied the motion without prejudice and entered an order providing for additional discovery to be conducted as to the TCA issue and plaintiff's assertion that defendant may not have been treating her in his capacity as a public employee. Defendant renewed his motion to dismiss on July 19, 2016. Before hearing the motion on its merits, the judge issued an order on September 15, 2016 compelling the deposition of defendant which was conducted on

4                                                                    A-2134-16T4

October 5, 2016, because plaintiff sought further clarification as to the nature of his employment relationship with Overlook.

In an order entered on December 16, 2016, the judge granted defendant's motion for summary judgment. The court held that plaintiff should have filed a TCA notice after receiving defendant's answer because any doubt she had about his status as a State employee was clarified in his pleading.

The judge aptly found that plaintiff "should have been" on notice of defendant's status as a public employee "because of the initial form, sign on the office door, defendant's business card and lab coat." The judge rejected plaintiff's argument that she did not have to comply with the TCA because she was not satisfied defendant was acting in his capacity as a State employee when he treated her. The court reasoned that, the TCA is a "highly technical statute," and requires notice. Furthermore, the court stated that, "the complaint is not notice," and "discovery [does not] equate to that." This appeal followed.

On appeal, plaintiff does not dispute that defendant was a State employee. Rather, she contends he failed to inform her orally and in writing that he was a State employee at the time he treated her, thereby dispensing with the need for her to file a TCA notice. Alternatively, she seeks leave to file a late notice

alleging "exceptional circumstances."[3]  Post-argument submissions by both counsel confirm that plaintiff briefed this issue before the motion judge and this court, but never filed a formal notice of motion seeking leave to file a late Notice of Claim.  She also challenges the judge's reliance upon an unpublished Appellate Division decision. Defendant urges us to affirm the court's order.

## II.

This court reviews a ruling on summary judgment de novo, applying the same legal standard as the trial court.  Conley v. Guerrero, 228 N.J. 339, 346 (2017); Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016); see also Globe Motor Co. v. Igdalev, 225 N.J. 469, 479-81 (2016).  Thus, this court considers, as the trial judge did, "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law," Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995)). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the

---

[3] Plaintiff uses the phrase "exceptional circumstances" throughout her brief.  The statutory language found at N.J.S.A. 59:8-9 is "extraordinary circumstances."

affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente, 224 N.J. at 179 (quoting R. 4:46-2(c)).

As our Supreme Court has instructed: a determination whether there exists a "genuine issue" of material fact that preludes summary judgment requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party. [Brill, at 142 N.J. at 540.] "To defeat a motion for summary judgment, the opponent must 'come forward with evidence that creates a genuine issue of material fact.'" Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (quoting Horizon Blue Cross Blue Shield of N.J. v. State, 425 N.J. Super. 1, 32 (App. Div. 2012)). "[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome the motion." Puder v. Buechel, 183 N.J. 428, 440-41 (2005) (citations omitted).

If there is no genuine issue of material fact, this court must then "decide whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation

omitted). "When no issue of fact exists, and only a question of law remains, [this court] affords no special deference to the legal determinations of the trial court." Templo Fuente, 224 N.J. at 199 (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Plaintiff argues on appeal that the judge should have denied defendant's summary judgment motion because she established that her obligation to file a TCA notice was vitiated because she was not advised by him orally and in written form that he was a State employee when he evaluated and treated her. Regardless, plaintiff asserts that she was excused from filing a TCA notice because she filed a complaint. Alternatively, she requests leave to file a late TCA notice pursuant to N.J.S.A. 59:8-9 even though she never filed a motion pursuant to R. 1:6-2 seeking such relief. We conclude that upon being served with defendant's answer, plaintiff's cause of action accrued and she was required to file a TCA notice within ninety days thereof. We further hold that her filing of the complaint does not constitute compliance with the strict requirements of the TCA. Her request to file a late TCA notice fails because a timely motion was never made and this court cannot permit same.

N.J.S.A. 58:8-3 provides that "[n]o action shall be brought against a public entity under this act unless the claim upon which

it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J.S.A. 59:8-8 prohibits suits against a public entity or public employee unless a claimant has furnished that entity or employee with a notice of tort claim. The notice shall include the "date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted," a "general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim," including the "estimated amount of any prospective injury, damage, or loss, insofar as it may be known . . . , together with the basis of the computation of the amount claimed." N.J.S.A. 59:8-4.

In recognition of the potentially harsh consequences of the ninety-day notice requirement, the TCA provides that a plaintiff may file a notice of claim up to a year after the claim accrues, but only if "extraordinary circumstances" excuse the delay and the public entity or employee would not be "substantially prejudiced." Lowe v. Zarghami, 158 N.J. 606, 624-25 (1999). The statute provides:

> A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee

has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter; provided that in no event may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual of the claim.

[N.J.S.A. 59:8-9.]

"The phrase 'extraordinary circumstances' was added to the statute in 1994" to "raise the bar for the filing of late notice from a 'fairly permissive standard' to a 'more demanding' one." Beauchamp v. Amedio, 164 N.J. 111, 118 (2000) (quoting Lowe 158 N.J. at 625). "'[T]he amendment may have signaled the end to a rule of liberality' in filing." Ibid. (alteration in original). The TCA, however, does not define "extraordinary" circumstances, and courts must determine, on a case-by-case basis whether such "extraordinary" circumstances exist based on the facts and context presented. Lowe, 158 N.J. at 626 (finding extraordinary circumstances where the plaintiff "had no reason to suspect that her doctor was even associated with a public entity").

Courts employ a sequential three-step process to ascertain if a plaintiff timely filed a notice of claim. Beauchamp, 164 N.J.

at 118-19. "The first task is always to determine when the claim accrued. The discovery rule is part and parcel of such an inquiry because it can toll the date of accrual. Once the date of accrual is ascertained, the next task is to determine whether a notice of claim was filed within ninety days. If not, the third task is to decide whether extraordinary circumstances exist justifying a late notice." Beauchamp, 164 N.J. at 119. With respect to the discovery rule, the standard is an objective one, inquiring into not only what the plaintiff knew, but also what he or she should have reasonably have known, exercising ordinary diligence. Caravaggio v. D'Agostini, 166 N.J. 237, 246 (2001). Accrual occurs when the victim knew or reasonably should have known he or she was injured, and due to the fault of another. Ibid. Moreover, "[t]he discovery rule should be applied with reasonableness as to whether a diligent plaintiff would have or should have realized that a public entity was involved at all." Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 140 (2017).

In support of her argument, plaintiff relies on a triumvirate of cases decided by the Supreme Court: Lowe, 158 N.J. at 606; Eagan v. Boyarsky, 158 N.J. 632 (1999); Ventola v. N.J. Veteran's Mem'l Home, 164 N.J. 74 (2000). In Lowe, 158 N.J. at 625, and Eagan, 158 N.J. at 638, decided on the same day, the Court

specified that physicians on the faculty at UMDNJ were public employees entitled to notice under the TCA. In both cases, the Court granted leave to plaintiffs to file late notices because it was unclear if the doctors were public employees. Lowe, 158 N.J. at 629; Eagan, 158 N.J. at 642.

In Lowe, the Court found that "extraordinary circumstances" justified the late filing of a notice because although employed by UMDNJ, the doctor treated the plaintiff at a private hospital. Lowe, 158 N.J. at 611-12. The Court explained that the doctor's "status as a public employee was obscured by his apparent status as a private physician[,]" because the doctor was "performing tasks associated generally with private practice and not public service." Id. at 629. The Lowe plaintiff "had no reason to suspect that her doctor was even associated with a public entity." Id. at 630. Specifically, the Court found extraordinary circumstances justifying the late filing of notice of claim because "[t]he notice provisions of the [TCA] were not intended as a 'trap for the unwary.'" Id. at 629 (quoting Murray v. Brown, 259 N.J. Super. 360, 365 (Law Div. 1991)). See also Jones v. Morey's Pier, Inc., 230 N.J. 142, 170 (2017) (explaining "any party - plaintiff or defendant - intending to pursue a claim against a public entity or employee subject to the [TCA] must act expeditiously to preserve that claim").

Similarly, in Eagan, 158 N.J. at 642, the plaintiff "had no reason to believe" that the physicians were public employees, and there was "no evidence supporting the conclusion that the plaintiff knew defendants were UMDNJ employees." The Court held that plaintiff "should be entitled to file a notice of late claim" because of the "unique circumstances" presented as contemplated by N.J.S.A. 59:8-9. Id. at 642-43.

In order to avoid this recurring circumstance in the future, Lowe and Eagan promulgated the following directive:

> UMDNJ must require clinical professors employed by them to advise their patients, both orally and in writing, that they are employees of UMDNJ. Such notice should be given to a patient as soon as practicable. It also would be helpful if clinical professors wore badges identifying themselves as UMDNJ employees. Those steps, if taken, together with this holding that clinical professors are UMDNJ employees, should make patients more aware that their physicians are public employees entitled to notice under the TCA.
>
> [Lowe, 158 N.J. at 631; Eagan, 158 N.J. at 643.]

In Ventola, 164 N.J. at 78, the Court reiterated this theory and observed that the "understandable confusion concerning the status of the veteran's home . . . should not bar the presentation of [the plaintiffs'] claim." Id. at 82. Furthermore, the Court concluded that "this should be the last such occasion" it should have to deal with the issue because, "[p]resumably, if State

13

health-care providers wish to rely on the notice provisions of the TCA, they will have made their status clear to patients." Id. at 83.

Defendant failed to comply with the Lowe and Eagan mandate because he did not verbally inform plaintiff that he was a State employee, even though he duly complied with the written and other criteria. Therefore, plaintiff's service of a TCA notice was tolled until defendant joined issue and he unequivocally disclosed that he was a State employee subject to TCA immunity and defenses. The time for accrual commenced as of the filing of defendant's answer, and plaintiff was obligated to file a TCA notice within ninety days thereafter, which she failed to do. Even after conceding defendant's public employee status, she still refused to file a TCA notice. Moreover, despite having ample opportunity to do so, plaintiff never filed a motion for leave to file and serve a late TCA notice. Accepting plaintiff's premise that the complaint served as notice would undermine the legislative intent behind the TCA: (1) to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (2) to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense; (3) to afford the public entity a chance to correct the conditions or

practices which gave use to the claim; (4) to inform the State in advance as to the indebtedness or liability that it may be expected to meet. N.J.S.A. 59:8-8. Authorizing plaintiff to file a TCA notice at this late juncture would result in defendant being "substantially prejudiced thereby." N.J.S.A. 59:8-9. Therefore, we give no credence to her argument as to this issue.

Here, plaintiff's claim accrued when she knew or should have known, that "she was injured and that a public entity was responsible." Beauchamp, 164 N.J. at 119. Despite being afforded ample opportunity to conduct discovery, plaintiff never filed a TCA notice. The judge correctly concluded that the "entire question of [w]hether [defendant] was a State employee was ultimately resolved" and that "the complaint is not notice under the holding in Guzman [v.] Perth Amboy, 214 N.J. Super. 167, 172 (App. Div. 1986)." The judge further concluded that "I don't think discovery responses are notice for [the] same reason."

The judge appropriately applied these principles here after a thorough examination of the record. Plaintiff does not dispute that she failed to serve a TCA notice within the ninety-day period mandated by N.J.S.A. 59:8-8. Nor did plaintiff move within the maximum one-year period to extend the time to serve a TCA notice on the basis of extraordinary circumstances. N.J.S.A. 59:8-9. See also Iaconianni v. N.J. Tpk. Auth., 236 N.J. Super. 294, 298

(App. Div. 1989) (holding that "the trial court had no jurisdiction to extend the filing period beyond the one-year outer limit"). The lack of required notice bars plaintiff's recovery as a matter of law. N.J.S.A. 59:8-8(a).

In sum, after our de novo review of the record, we conclude that the motion judge's factual findings are fully supported, and his legal conclusions are sound. We therefore affirm the order granting defendant's motion for summary judgment dismissing the complaint with prejudice and denial of plaintiff's request to file a late TCA notice.

Plaintiff's remaining arguments, including that the motion judge improperly relied upon an unpublished Appellate Division decision, are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2134-16T4